# MAK CIVIL COVER SHEET

19-826

19 826

JS 44 (Rev. 06/17)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ronald Richardson

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alan Tauber, Esq.
1600 Locust Street
Philadelphia, PA 19004

## DEFENDANTS
David Knorr
Michael Hernandez
Joel Tinsman

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / Habeas Corpus: | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☒ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC section 1983

Brief description of cause:
Excessive Force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ In Excess of $750,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: Mark Kearney
DOCKET NUMBER: 16 cv 4319

DATE: **Feb. 25, 2019**
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

FEB 26 2019

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

19 826

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: SCI SMITHFIELD, 1110 Pike St. Huntingdon, PA 16654

Address of Defendant: David Knorr, Pa. Probation and Parole 2630 N. 13th St. Phila, Pa 19133

Place of Accident, Incident or Transaction: Philadelphia, Pa

**RELATED CASE, IF ANY:**

Case Number: 18CV3483    Judge: MARK KEARNEY    Date Terminated: 9-27-18

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☑  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☑ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2-26-19    *Attorney-at-Law / Pro Se Plaintiff*    57353    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

THIS CASE IS RELATED TO: 18CV3483

CIVIL ACTION NO.    19  826
CRIMINAL NO.

ASSIGNED TO: Judge Kearney

---

*(The effect of this ce...)*

I, ALAN TAUBER, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 2-26-19    *Attorney-at-Law / Pro Se Plaintiff*    57353    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

FEB 26 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

RICHARDSON : CIVIL ACTION
   v. :
KNORR : NO. **19  826**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (f) ✓

2-25-19     ALAN TAUBER     PLAINTIFF
Date        Attorney-at-law     Attorney for

215-313-7188     215-703-1675     atauber@tauberlaw.com
Telephone     FAX Number     E-Mail Address

(Civ. 660) 10/02

FEB 26 2019

$400

MAK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD RICHARDSON | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| AGENT DAVID KNORR, | : | |
| AGENT MICHAEL HERNANDEZ | : | 19   826 |
| AGENT JOEL TINSMAN | : | |
| Defendants | | |

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under the color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 42 U.S.C. §§ 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2. The Eastern District is an appropriate venue under 28 U.S.C. §§ 1391(b)(2) because it is where the events giving rise to this claim occurred which was the Philadelphia office of probation and parole at 2630 N. 13th Street, Philadelphia Pennsylvania.

## II. PLAINTIFF

3. The Plaintiff, Ronald Richardson, is a prisoner of the State of Pennsylvania in the custody of the Pennsylvania Department of Corrections. He is currently confined in SCI Graterford.

## III. DEFENDANTS

4. Defendant Agent David Knorr, was at all relevant times herein, an agent/employee for the Pennsylvania Department of Probation and Parole.
5. Defendant Agent Michael Hernandez, was at all relevant times herein, an agent/employee for the Pennsylvania Department of Probation and Parole.
6. Defendant Agent Joel Tinsman at all relevant times herein, an agent/employee for the Pennsylvania Department of Probation and Parole.

## IV. STATEMENT OF CLAIM

7. Plaintiff realleges and incorporates by reference paragraphs 1 through 6 as if fully restated.
8. At all time relevant herein, Defendants were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of state law to deprive Plaintiff of his constitutional rights, set forth more fully below.

## V. STATEMENT OF FACTS

9. On June 1, 2015, at approximately 1:30 pm. I, the Plaintiff, reported to the Philadelphia parole office for my monthly check in.

10. I was ushered into interview room #1, and Defendant Knorr ordered me to submit to a random urine test. I complied, and after field testing the urine sample, Defendant Knorr concluded that my urine tested positive for marijuana.

11. I asked Defendant Knorr to re-test my urine, but Defendant Knorr denied my request, and placed me under arrest.

12. Defendant Knorr handcuffed me, and placed shackles on my ankles.

13. Defendant Knorr then ordered me to sit down in a chair behind a desk.

14. After I sat down, Defendant Knorr called Defendants Michael Hernandez, and their supervisor, Defendant Joel Tinsman into the room.

15. Defendant Knorr then asked me "when was the last time [I] smoked marijuana?" I told him that the last time I smoked was on May 2nd (28 days prior to the interview).

16. At that point, Defendant Knorr began yelling at me. He called me a "lying pedophile," and he said that I should be locked up for the rest of my life.

17. I tried to explain to Defendant Knorr that I wasn't lying, but he interrupted me, and asked me if he went to my house, would he find my mother smoking weed? I responded by asking Defendant Knorr to leave my mother out of this, and that she did not have anything to do with it.

18. Defendant Knorr then said that he thinks my mother has everything to do with it. So I asked Defendant Knorr if I could call my mother? But Defendant Knorr answered "No, why would I do that? Your Mother is a criminal just like you. The apple don't fall far from the tree."

19. I then told Defendant Knorr to stop disrespecting my mother, and to leave her out of this. Defendant Knorr then yelled at me, asking me who did I think I was talking to? And that I "better shut the fuck up!" I then told him "No, you shut the fuck up!"

20. Suddenly, Defendant Knorr jumped out of his seat, came around the desk, and grabbed me by my throat. He then called me a fucking pedophile, forced me out of my chair by my throat, and slammed me into the back wall.

21. While Defendant Knorr was choking me, Defendant Hernandez reached around Defendant Knorr and punched me in the face.

22. I collapsed from the punch, and Defendant Knorr came down on top of me. Defendant Knorr continued to choke me, and I tried to tell him that I couldn't breath, but Defendant Knorr spit in my face, and said "I could kill you-you fucking pedophile, and no one would care."

23. I was able to roll to my side momentarily breaking Defendant Knorr's hold on my throat so that I could breath, and Defendant Knorr kept grabbing at my neck while yelling at me to "stop resisting!" I asked Defendant Knorr to "please stop, that I didn't want to die."

24. Then Defendant Hernandez kicked me in the genitals, and called me a "dirty dick motherfucker."

25. I then tried to curl up into a ball to protect myself from further attack, and both Defendants Knorr and Hernandez kept yelling at me telling me to stop resisting.

26. When Defendant Korr realized that he couldn't get a firm grip on my throat again, he began jamming his knuckle into my temple, and using the thumb of his other hand to press hard into the soft spot behind my ear.

27. The pain was so intense, that I tried to roll over to my other side in order to stop Defendant Knorr from pressing into my temple and behind my ear.

28. I begged Defendant Knorr to stop, and he told me to "shut the fuck up and stop resisting." And then Defendant Knorr slammed my head off the floor.

29. Although I was not resisting arrest at any time, Defendant Hernandez was also yelling at me, telling me to stop resisting, and suddenly, without reason, Defendant Hernandez began tazering me. He first tazered me near my ankle, and then on my genitals. I think I passed out at that point, because the next thing I remember was being lifted up off the floor by an unknown agent.

30. The entire time that I was being beaten by both Defendants Knorr and Hernandez, Defendant Tinsman stood by observing, and doing nothing to stop them.

31. Immediately following the beating, I was placed in a holding cell. After a while, Defendant Knorr walked by the cell, and I told him that I wasn't feeling well and that I was in alot of pain. I asked him could I see a doctor, and Defendant Knorr told me that I could see one when I get to Graterford State Prison.

COUNT ONE: EXCESSIVE FORCE-Defendant Knorr

32. I the Plaintiff, re-allege and incorporate by reference paragraphs 1 through 31 as if fully restated herein.

33. The beating inflicted upon my person by Defendant Knorr constituted excessive force in violation of my Eighth Amendment right against cruel and unusual punishment under the United States Constitution.

34. As a result of Defendant Knorr's acts, I, the Plaintiff, suffered intense pain in my throat, neck and back, as well as multiple bruises and swelling on my head, accompanied by reoccurring headaches.

35. As a further result of Defendant Knorr's acts, I, the Plaintiff, suffered humiliation, anxiety and the terror of death.

COUNT TWO: EXCESSIVE FORCE-Defendant Hernandez

36. I, the Plaintiff, re-allege and incorporate by reference paragraphs 1 through 35 as if fully restated herein.

37. The beating and tazoring of my person by Defendant Hernandez constituted excessive force in violation of my Eighth Amendment right against cruel and unusual punishment under the United States Constitution.

38. As a result of Defendant Hernandez's acts, I, the Plaintiff, suffered tremendous pain in my jaw, my right leg, and excruciating pain in my groin.

39. As a further result of Defendant Hernandez's acts, I was unable to chew my food for several days due to the pain in my jaw.

40. As a further result of Defendant Hernandez's acts, I suffered extreme and extensive mental pain, requiring psychological treatment, as I had sunk into a deep depression for several months following the beating and humiliating remarks made by Defendant Hernandez.

COUNT THREE: BREACH OF DUTY TO PROTECT
Defendant Tinsman

41. I, the Plaintiff, re-allege and incorporate by reference paragraphs 1 through 40 as if fully restated herein.

42. Defendant Tinsman's failure to intervene, and protect me from the violent attack on my person by his two subordinates, Defendant's Knorr and Hernandez, constituted deliberate indifference in violation of my Eighth Amendment right against cruel and unusual punishment under the United States Constitution.

43. As a result of Defendant Tinsman's deliberate indifference, Plaintiff suffered serious harm as stated above at the hands of both Defendant Knorr and Hernandez.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, respectfully prays that this Honorable Court enter judgment granting:

44. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

45. Compensatory damages in an amount sufficient to compensate Plaintiff for the pain and mental anguish suffered by Plaintiff due to the deliberate indifference and intentional, and violent acts of the Defendants, but in no event less than $250,000 dollars, together with costs of suit.

46. Punitive damages in the amount of not less than $500,000 dollars, against each Defendant jointly and severally.

47. A jury trial on all issues triable by jury.

48. Any additional relief this Honorable Court deems just, proper and equitable.

_Ronald Richardson_
Ronald Richardson


LAW OFFICE OF ALAN J. TAUBER, P.C.

By: _Alan Tauber_
Alan J. Tauber, Esquire

1600 Locust Street
Philadelphia, Pennsylvania 19104
215.575.0702 (office)
atauber@atauberlaw.com